IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Ralph Coleman, #145748, | ) | Civil Action No. 6:07-3973-HMH-WMC |
| Petitioner, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Greenville County Clerk of Court. At its January 26, 1988, term, the Greenville County Grand Jury indicted the petitioner for murder (Indictment No. 88-GS-23-606) and armed robbery. Attorney H.F. "Pete" Partee represented the petitioner on the charges. The State originally sought the death penalty. On February 18-March 5, 1988, the petitioner proceeded to a jury trial before the Honorable Thomas J. Ervin. At the

conclusion of the trial, the petitioner was found guilty of murder and not guilty of armed robbery.  Judge Ervin sentenced the petitioner to life imprisonment.

The petitioner filed a timely notice of intent to appeal his trial conviction, and an appeal was perfected by the South Carolina Office of Appellate Defense.  Following the submission of briefs by both sides, the Supreme Court of South Carolina reversed and remanded the conviction and ordered that the petitioner receive a new trial.  *State v. Coleman*, 301 S.C. 57, 389 S.E.2d 659 (1990).

Pursuant to the Supreme Court's remand, the petitioner was retried in the summer of 1990.  At that time, he was represented by Pete Partee and Edward "Ned" Miller of the Greenville County Bar.   That trial resulted in a hung jury and mistrial.   On November 12-13, 1990, the 0etitioner was again tried for murder before the Honorable C. Victor Pyle, Jr.  Ned Miller represented the petitioner at this third trial.  At the conclusion of the trial, the petitioner was found guilty of murder and sentenced to life imprisonment.

The petitioner filed a timely notice of intent to appeal his conviction, and his appeal was perfected by the South Carolina Office of Appellate Defense.  On appeal, the petitioner raised the following issues:

(1)    Whether the court erred when it overruled appellant's motion for a directed verdict, where the evidence was insufficient to convince a reasonable trier of fact beyond a reasonable doubt of his identity as the assailant, likewise violating our state substantial evidence standard of review;

(2)    Whether the court erred when it refused appellant's request to charge the jury that mere probability of guilt is not sufficient to convict, such being reversible error in this purely circumstantial evidence case;

(3)    Whether the court erred when it permitted disc jockey Randy Harrison to testify that appellant's pupils were dilated "bigger than the norm", under the lighting conditions at the Pits Lounge, in the absence of any foundation or qualification for this testimony;

2

(4)    Whether the court erred when it allowed a police opinion that the evidence showed appellant's guilt;

(5)    Whether the court erred when it permitted state's witness Stombaugh to testify that he had never found two hairs that matched from separate donors, creating a false authenticity for hair comparison evidence;

(6)    Whether the court erred when it admitted a towel (state's exhibit 23), which was not shown to be related to the case;

(7)    Whether the court erred when it permitted the solicitor to argue in such a manner as to unfairly speculate upon the reasons for appellant's physical appearance;

(8)    Whether the court erred when it admitted evidence seized without a warrant from a dumpster near appellant's apartment; and

(9)    Whether the court erred when it overruled appellant's change of venue motion.

After reviewing the appellate briefs and record on appeal, the South Carolina Supreme Court affirmed the petitioner's sentence. *State v. Ralph Donnell Coleman*, Op. No. 92-MO-224 (S.C.S.Ct. filed Sept. 8, 1992).

On January 5, 1993, the petitioner filed a post-conviction relief application (C.A. No. 93-CP-23-59) and alleged that his confinement was unlawful on the following grounds:

(1)    Ineffective assistance of counsel when counsel:

(a)    Failed to prepare an effective defense, and defend the Applicant against gross deprivations of protections of the Fourteenth Amendment, South Carolina Constitution and laws, causing and allowing the Applicant to be convicted without evidence to support the conviction, as State relieved (sic) of its burden of proof, and did not prove all the elements of the charge of the indictment, and Applicant was deprived of a verdict of acquittal that he was due;

(b)    Failed to properly investigate all facts of the case, the prosecution's evidence and witnesses, and research

3

the applicable laws of the case, secure expert witnesses, and prepare and effective defense;

(c)    Failed to compel the prosecution to meet its burden of proof, and prove all elements of the charge of the indictment; protect and defend Applicant against gross prosecutorial misconduct; and numerous items and testimony of trial that caused, allowed and induced the jurors to speculate;

(d)    Failed to request jury voir dires after they returned to the courtroom, and had possibly been exposed to highly prejudicial news reports;

(e)    Failed to make proper objections, move for mistrial, curative instructions, especially when Detective Christie made statements that Applicant was guilty;

(f)    Failed to put forth proper and effective arguments, upon applicable laws, and reserve such for full appeal review;

(g)    Failed to object to and argue against solicitor's reasonable doubt definition to the jurors; and Court's erroneous burdenshifting (sic) jury charges of reasonable doubt; circumstantial evidence; and malice;

(2)    Applicant was deprived of a fair trial, in violations and deprivations of Sixth and Fourteenth Amendments of the United States Constitution, and Article 1, Sections 3 and 14 of the South Carolina Constitution, by and upon the improper conduct of the solicitor and trial judge and the State of South Carolina; and

(3)    Solicitor and trial judge acted improper and deprived Applicant of a fair trial.

The respondents made return on March 4, 1993.  On March 2, 1994, the Honorable Frank P. McGowan held an evidentiary hearing on the application.  At the hearing, the petitioner proceeded solely on his allegation of ineffective assistance of counsel.  The petitioner testified that his trial counsel rendered ineffective assistance in the following particulars:

4

(1)    Failed to object to the jury instruction on implied malice given at trial;

(2)    Failed to object to the jury instruction on reasonable doubt given at trial;

(3)    Failed to object to the jury instruction on circumstantial evidence given at trial;

(4)    Was not prepared for the introduction of scientific evidence concerning hair analysis;

(5)    Failed to properly impeach an expert witness for the State on hair analysis;

(6)    Failed to seek and obtain an expert witness on hair analysis for the defense;

(7)    Failed to seek and obtain an expert witness on speech pathology;

(8)    Failed to properly investigate and prepare a defense;

(9)    Was not prepared to argue the law in support of a requested charge that mere probability of guilt is insufficient to convict;

(10)   Was not prepared for the testimony of certain prosecution witnesses;

(11)   Allowed a prosecution witness to testify as to his opinion of the Applicant's guilt;

(12)   Was not prepared to argue the issue of illegal search and seizure concerning a trash dumpster located at the Applicant's apartment complex;

(13)   Failed to object to a portion of the Solicitor's opening statement;

(14)   Failed to object to a portion of the Solicitor's closing argument; and

(15)   Failed to request voir dire of the jurors upon their returning from lunch breaks and overnight (sic).

The petitioner was present with his appointed counsel, Clay T. Allen.  At the hearing, the petitioner testified on his own behalf.  Attorneys Edward Miller and Warren O. Mowry testified for the respondents.  On May 2, 1994, Judge McGowan issued his order dismissing the application with prejudice.

The petitioner filed a timely notice of appeal.  The South Carolina Office of Appellate Defense perfected the appeal.  On November 15, 1992, Assistant Appellate Defender Robert M. Pachak filed a petition for writ of certiorari and raised the following issues on appeal:

> (1)   Whether trial counsel was ineffective when he failed to properly object to petitioner's character being put into issue by two witnesses for the state who implied that petitioner was on drugs; and
>
> (2)   Whether trial counsel was ineffective in his cross-examination of Detective Christie by opening the door in allowing Christie to give his opinion as to petitioner's guilt.

The petitioner next made a petition for writ of habeas corpus in 1995. *Coleman v. Condon*, *et al*, 6:95-1702-20AK.  On November 9, 1995, this court filed a report and recommendation, to which objections were timely filed.  On December 19, 1995, the Honorable Henry M. Herlong, Jr., United States District Judge, entered an order adopting the recommendation and granting the State's motion for summary judgment, and judgment was entered for the respondent on December 21, 1995.  A motion for certificate of probable cause to appeal was denied on January 22, 1996.

An appeal was taken to the United States Court of Appeals for the Fourth Circuit.  On June 4, 1996, the court entered its order dismissing the appeal.  *Coleman v. State*, No. 96-6078 (4th Cir. June 4, 1996)(UP).  The judgment was entered June 26, 1996.

On July 3, 2003, the petitioner made a pro se "petition for a writ of habeas corpus" in the Court of Common Pleas in Greenville.  In the petition, he asserted:

> (1)   In that the state failed to indict Petitioner under the correct Code of Law.
>
> (2)   The state failed to allege sufficient information in the indictment to indict Petitioner for the charge of murder.

The State made a return and motion to dismiss on October 30, 2003, through Assistant Attorney General Karen Ratigan, asserting that the matter lacked subject matter jurisdiction

to be heard in the Court of Common Pleas.  On February 15, 2005 a motion hearing was held before the Honorable John C. Few.  The petitioner was present and represented by Susannah Ross.  The state moved to dismiss the matter as improperly filed.  The petitioner's counsel argued that the conviction for murder lacked subject matter jurisdiction as a matter of state law because there was no witness listed on the indictment and that the elements of murder were not properly alleged.  She asserted that they did not re-indict after there was an intervening mistrial.  She asserted that lack of a name and the precedent that the solicitor can not be the sole witness before the grand jury, citing *State v. Anderson*, 312 S.C. 185, 439 S.E.2d 835 (1993).  The judge orally granted the motion to dismiss.  A written order was entered on March 9, 2005.  The court determined that the matter was procedurally barred under both improperly filing as a habeas and under the statute of limitations.  Particularly, the state court held:

> (1)    Thus, "[a] person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application." Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998).  "Furthermore, if a person is procedurally barred, his only means of obtaining state habeas corpus relief is to file a petition in the original jurisdiction of the Supreme Court." Id.

> The Petitioner argues the murder indictment in his case (1988-GS-23-0606) is defective because there are no witnesses listed on the front of the indictment. This Court finds this is a non-substantive and insignificant defect in the indictment. The face of the indictment was signed by the grand jury foreman and stamped "true bill." The body of the indictment listed the elements of the crime with which the Petitioner was charged. See Pringle v. State, 287 S.C. 409, 410-11, 339 S.E.2d 127, 128 (1986) (finding the regularity of proceedings in a court of general jurisdiction will be assumed absent evidence to the contrary); State v. Bultron, 318 S.C. 323, 329, 457 S.E.2d 616, 619 (Ct. App. 1995) (holding a facial irregularity does not render an indictment invalid "where the indictment is in writing and published by the clerk").  This Court also notes the Petitioner simply cannot prove that no witnesses testified at the Greenville County Grand Jury proceedings during the January 1988 term.

This Court finds the Petitioner has not presented any evidence to explain why this issue could not have been raised in a prior PCR proceeding. <u>Keeler</u>, 330 S.C. at 571, 500 S.E.2d at 124. Further, the Petitioner has not provided any reason for this Court to entertain the Petition, when case law dictates the South Carolina Supreme Court is the only court capable of hearing petitions for writs of habeas corpus. <u>Id</u>.

### B.  Statute of Limitations

Even if the Petition were construed as a properly filed PCR application, this Court finds the Petition should also be dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §§ 17-27-10, <u>et</u>. <u>seq</u>. (2003). Specifically, South Carolina Code Ann. § 17-27-45(a) reads as follows:

An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. See <u>Peloquin v. State</u>, 321 S.C. 468, 469 S.E.2d 606 (1996). The Petitioner was convicted of the offense he challenges in this Application on November 12, 1990. The South Carolina Supreme Court then affirmed his conviction and sentence on September 8, 1992. The Petitioner filed these pleadings on July 3, 2003, which was well beyond the time the statutory filing period had expired.

### III.  CONCLUSION

Based on the records, pleadings, and the arguments of counsel presented in this matter, this Court finds this Petition for Writ of Habeas Corpus should be dismissed because it fails to meet the standards set forth in Gibson and Keeler. Furthermore, even if the petition were construed as a PCR application, it is untimely. Accordingly, the Respondent's Motion to Dismiss is granted.

The petitioner made a timely notice of appeal.  On appeal, he was represented by Robert Pachak of the South Carolina Office of Appellate Defense.  He made a *Johnson* petition for writ of certiorari and petition to be relieved as counsel on September 14, 2005, asserting:  "Whether there was any evidence to support the PCR

8

judge's findings that if the petition was construed properly as a properly filed PCR application, it would be barred by the statute of limitations." On November 29, 2006, the South Carolina Court of Appeals entered its order denying the petition and granting counsel's request to withdraw. The remittitur was entered on January 9, 2007.

In his petition now before this court, the petitioner makes the following allegations (verbatim):

> (1)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, by the indictment(s) of South Carolina, as constructed, possessing a structural constitutional error and or defect, in it's language and or charge contained therein, which did create and or form conclusive presumption(s), that took away the Petitioner's presumption of innocence, and automatically shifted the burden of persuasion to the defendant, in regard to the crucial elements of dispute?

> (2)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, in that the trial court lacked subject matter jurisdiction, and or were they prohibited from enacting and or invoking their subject matter jurisdictionary powers, due to the indictment defects and or errors embodied within this document (the Gentry Retroactive Argument)?

> (3)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, as well as rules of court, and rules of criminal procedure, due to the "Procedural Defect", in that the prosecuting agents acted as sole witnesses on the warrant(s) and or indictment(s)?

> (4)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, by the indictment(s) for murder's failure to properly and or sufficiently apprise the petitioner of the "[T]ime" of the assault, and the "[T]ime" of the death, as "Time" is recognized by law?

> (5)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as

9

Article IV§2, and his due process rights violated, by the indictment(s) for murder's failure to properly and or sufficiently apprise the petitioner of the "[P]lace" of the assault, and the "[P]lace of the death, as "Place" is recognized by law?

(6)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, by the trial court allowing constructive amendment of the indictment(s) at the Petitioner's trial and or plea hearing?

(7)    Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, and his due process rights violated, by the indictment(s) for murder's failure to allege the specific code section the Petitioner is said to have violated, in the body of the charging instrument?

(8)    Did the South Carolina Supreme Court err, and abused their discretionary powers, and in such the trial court did err, and or did lack subject matter jurisdiction, and or was prohibited, and or deprived of the "[P]ower", and or "[A]bility", to enact, and or invoke their subject matter jurisdictionary "[P]owers", in violation of the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§2, to include the laws of due process?

On May 23, 2008, the respondent filed a motion for summary judgment. By order filed May 27, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  After being granted an extension of time, the petitioner filed his opposition to the motion on August 13, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

10

the merits in State court proceedings unless the adjudication of
the claim –

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of
habeas corpus by a person in custody pursuant to the judgment
of a State court, a determination of a factual issue made by a
State court shall be presumed to be correct. The applicant shall
have the burden of rebutting the presumption of correctness by
clear and convincing evidence.

## ANALYSIS

The respondent first[1] argues that the instant petition should be dismissed as

successive. This court agrees. Title 28, United States Code, Section 2244, governs the

propriety of filing successive applications. The statute provides in pertinent part: "Before

a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The instant petition is

successive to *Coleman v. Condon*, *et al*, 6:95-1702-20AK, which was dismissed by Judge

Herlong on the merits on December 21, 2005. There is no indication that the petitioner has

properly requested permission to file a second application for habeas relief. Further, in

order to obtain authorization to file a successive petition, a prisoner must assert claims

based on either: (1) a new rule of constitutional law, previously unavailable, made

retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered

---

[1]As this court finds that the petition should be dismissed as successive, the respondent's
other arguments for summary judgment will not be addressed.

11

evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense.  28 U.S.C. § 2244(b)(2).  The petitioner's allegations are based on facts known or knowable by him at the time of the prior filing, and thus it would be unlikely that such permission to file a second application for habeas relief would be given by the Fourth Circuit Court of Appeals even if the petitioner had so requested.  *See id.*

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 21) be granted and the petition be dismissed.

s/William M. Catoe
United States Magistrate Judge

December 19, 2008

Greenville, South Carolina

12